# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STACIA L. FULLER and**
**SANDRA E. KUHNS,**

    Appellants,

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:12-CV-48**
　　　　　　　　　　　　　　　　　　　　　　**(GROH)**

**UNITED STATES TRUSTEE,**

    Appellee.

## MEMORANDUM OPINION AFFIRMING ORDER OF THE BANKRUPTCY COURT

    Currently pending before the Court is an appeal from Sandra E. Kuhns ("Kuhns"), and Stacia L. Fuller ("Fuller"), both acting *pro se*, which challenges a March 5, 2012, decision of the United States Bankruptcy Court for the Northern District of West Virginia. In that decision, the Bankruptcy Court permanently enjoined Kuhns and Fuller from acting as bankruptcy petition preparers ("BPPs") in this district based upon noncompliance with a prior order of the Bankruptcy Court. For the reasons that follow, this Court **AFFIRMS** the decision of the Bankruptcy Court.

## BACKGROUND

    Kuhns and Fuller (collectively "preparers") are bankruptcy petition preparers ("BPPs"). They are not attorneys, nor do they work under the supervision of an attorney. Their services in the past have included the preparation of bankruptcy petitions, schedules of assets, liabilities, income, and expenses, and statements of financial affairs, and other documents for persons who were not represented by an attorney and desired to file for

bankruptcy. They operated their business at 106 S. Maple Avenue in Martinsburg, West Virginia, under the name of Fuller and Kuhns. They solicited clients by advertising in two local publications, the *Martinsburg Journal* and in the *Buyers Guide*.

On July 20, 2009, the United States Trustee filed a motion under 11 U.S.C. §110 against the preparers in a bankruptcy case for which they had prepared the debtor's petition, based on numerous purported violations of Section 110. The Bankruptcy Court conducted an evidentiary hearing on September 10, 2009. After the hearing, the Court orally directed the preparers to stop preparing petitions until the preparers and the United States Trustee could agree on specific terms under which the preparers could resume operations in compliance with Section 110.

On December 10, 2009, the Bankruptcy Court conducted a final evidentiary hearing on the United States Trustee's motion. The United States Trustee and the preparers, by their attorney, presented a proposed agreed order to the Court to serve as a stipulation and resolution of all issues raised in the motion. The only term the parties did not agree upon was the reasonable amount of fees the preparers could charge for authorized services in fifteen specific, unexceptional Chapter 7 cases. The Court heard evidence on the fee issue at the December 10, 2009 hearing.

The Bankruptcy Court entered an order on December 29, 2009, which incorporated the proposed agreed order and defined the specific terms under which the preparers were permitted to operate. Among other things, the order: (1) limited the preparers' services to secretarial or word-processing services, typing or transcribing based on official forms or questionnaires completed by the debtor; (2) prohibited the preparers from providing potential debtors with any advice or information regarding bankruptcy law or procedures,

including other documents, pamphlets, or brochures; (3) prohibited the preparers from advertising under the name of "Fuller and Kuhns," using the word "legal" or "paralegal" in any advertisement, or placing an advertisement under "legal services" or any other category where attorneys advertised; (4) prohibited the preparers' advertisements from suggesting that their services could be anything more than typing or transcribing written information or that they could provide advice regarding bankruptcy law or procedures; (5) prohibited the preparers from charging fees for anything other than typing or word-processing services; and (6) determined that the reasonable value of the preparers' authorized services was one hundred fifty dollars and ordered the preparers to reduce their fees to one hundred fifty dollars in fifteen specified cases and turn over amounts paid in excess of one hundred fifty dollars to the debtors in those cases pursuant to 11 U.S.C. §110(h)(3) by June 30, 2010.

The Bankruptcy Court's December 29, 2009 order suspended the imposition of statutory fines for the violations of ten separate provisions to which the preparers stipulated, but expressly stated that future violations of the order or Section 110 "shall . . . be punishable pursuant to the contempt powers of [the Bankruptcy Court] and may result . . . in the preparers being permanently enjoined from acting as bankruptcy petition preparers."

The preparers appealed the December 29, 2009 order to this Court on the issue of the amount of reasonable fees to be charged for preparing petitions. The preparers did not request that the Bankruptcy Court's order be stayed pending appeal. On May 18, 2010, this Court affirmed the decision of the Bankruptcy Court and ruled that the Bankruptcy Court exercised proper discretion in finding one hundred fifty dollars to be a reasonable fee.

The preparers did not appeal this Court's decision to the United States Court of Appeals for the Fourth Circuit.

The preparers resumed their business in early 2010. Notwithstanding the December 29, 2009 order, the preparers subsequently placed ads in both the *Martinsburg Journal* and the *Buyer's Guide* that displayed the business name "Fuller and Kuhns." The preparers continued to post a sign at their place of business bearing the name "Fuller and Kuhns." The preparers used "FullerandKuhns@yahoo.com" as their business email address.

The advertisements in the *Martinsburg Journal* and the *Buyer's Guide* included the following statements: (1) "We File Bankruptcy under the US Bankruptcy Code;" (2) "Creditors Calling—Threats of Repossessions? Foreclosure? Garnishments?;" and (3) "Not Able to Afford an Attorney? WE CAN HELP!" It is the United States Trustee's position that all of these statements suggested that the preparers could offer legal assistance.

In violation of the Bankruptcy Court's order, the preparers never refunded the excess fees to any of the fifteen specified former clients. The preparers also continued to charge clients more than one hundred fifty dollars. When the preparers charged clients more than one hundred fifty dollars, they issued two receipts: one for one hundred fifty dollars, and one for the amount in excess of one hundred fifty dollars, which was described as an "administrative fee." The preparers executed mandatory compensation disclosure forms to be filed along with each client's petition. The forms stated that the preparers were paid one hundred fifty dollars, even if the client was charged in excess of that amount.

The preparers did not limit their services to typing or transcribing written documents or information provided by the debtors. Instead, the prospective debtors provided information to the preparers through oral interviews, question and answer sessions, and

4

financial source documents, such as pay stubs and tax returns. At first, the preparers used such information to manually complete the bankruptcy petition and other documents. Later, the preparers input the debtor's information into a computer software program that generated the petition, schedules, statements, and other documents for filing by the prospective debtor.

In November of 2010, the West Virginia State Bar directed the preparers to stop violating the December 29, 2009 order and notified the Bankruptcy Court. Thereafter, the Bankruptcy Court ordered the preparers to show cause why they had not violated its order. The United States Trustee filed a motion under Section 110 in January of 2011 requesting the Bankruptcy Court to enjoin Ms. Kuhns and Ms. Fuller from acting as bankruptcy petition preparers, impose fines, and award damages based on numerous and continuing violations of the December 29, 2009 order and Section 110. On September 7, 2011, the Bankruptcy Court held a hearing on the Trustee's motion and its own show cause order.

On March 6, 2012, the Bankruptcy Court entered an order under 11 U.S.C. §110(j)(3) enjoining Ms. Kuhns and Ms. Fuller from acting as bankruptcy petition preparers. The Bankruptcy Court based the injunction on four specific violations of its December 29, 2009 order and Section 110. First, the Court found that the preparers failed to refund fees to fifteen former clients as directed. Second, the Court found that the preparers placed advertisements under the business name "Fuller and Kuhns" that suggested the legal consequences of filing bankruptcy and implied they could provide more than just typing or transcribing services. Third, the Court found the preparers provided impermissible services that exceeded the typing or transcription services permitted by law. Fourth, the Court found the preparers filed 39 disclosure of compensation forms, under penalty of perjury, which

5

fraudulently stated they had charged only one hundred fifty dollars ($150.00), even though they had charged more. The Bankruptcy Court ultimately concluded permanently enjoining the preparers was "the only effective way to vindicate the purposes behind §110 and to otherwise protect the integrity of the bankruptcy process." The Bankruptcy Court declined to impose the suspended fines, given the limited financial means of the preparers and the deterrent effect of the permanent injunction.

The preparers do not dispute the violations of the December 29, 2009 order. Moreover, the Bankruptcy Court was not persuaded by any of the reasons the preparers offered as to why they were not required to comply with the order. The Court rejected the notion that they did not have to comply because they had appealed the order, noting they took no action to stay the effect of the order. The Court also found the preparers' claim that they acted on the advice of counsel to be unsupported by the record, inapplicable to a person who knowingly violates a court order, and not relevant to three of the four grounds supporting an injunction.

The preparers appealed the Bankruptcy Court's decision to this Court.

## DISCUSSION

**I.    Jurisdiction**

This is an appeal from a bankruptcy court statutory injunction under 11 U.S.C. §110(j)(3) prohibiting the Appellants from acting as bankruptcy petition preparers. The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b) to issue its final order.

The Bankruptcy Court issued the injunction on March 5, 2012. The Appellants timely filed a notice of appeal on March 20, 2012. This Court has jurisdiction over this appeal

pursuant to 28 U.S.C. §158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.

## II.     Standard of Review

This Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. ***Valley Historic Ltd. P'ship v. Bank of New York***, 486 F.3d 831, 835 (4th Cir. 2007). However, a bankruptcy court's decision to issue an injunction under section 110(j) is reviewed for abuse of discretion. *See* ***In re Reynoso***, 315 B.R. 544, 549-550 (B.A.P. 9th Cir. 2004). Similarly, a bankruptcy court's finding of a violation of Section 110 is reviewed under an abuse of discretion standard. ***Id.***; *see also* ***Kuhns v. United States Trustee***, 2010 WL 1990558, at *2 (N.D. W. Va. May 18, 2010) (citing ***In re Doser***, 292 B.R. 652, 656 (D. Idaho 2003)).

## III.    Analysis

Congress enacted 11 U.S.C. §110 to protect consumers from fraudulent and deceptive conduct by bankruptcy petition preparers. *See* ***In re Doser***, 292 B.R. 652, 655-58 (D. Idaho 2003), *aff'd.*, 412 F.3d 1056 (9th Cir. 2005). *See also* ***In re Guttierez***, 248 B.R. 287, 297 (Bankr. W.D. Tex. 2000).

Section 110 applies to any "bankruptcy petition preparer." It defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. §110(a)(1). "A bankruptcy petition preparer shall not execute any document on behalf of a debtor." 11 U.S.C. §110(e)(1).

7

A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including . . .

(i) whether—

(I) to file a petition under this title; or

(II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;

(ii) whether the debtor's debts will be discharged in a case under this title;

(iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;

(iv) concerning—

(I) the tax consequences of a case brought under this title; or

(II) the dischargeability of tax claims;

(v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;

(vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or

(vii) concerning bankruptcy procedures and rights.

11 U.S.C. §110(e)(2)(A)-(B).

"A bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term." 11 U.S.C. §110(f). "A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and

8

any unpaid fee charged to the debtor." 11 U.S.C. §110(h)(2). "The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee . . . found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12 month period immediately preceding the date of the filing of the petition . . . ." 11 U.S.C. §110(3)(A)(I).

Section 110 includes a range of enforcement mechanisms, including fines, actions for damages for the negligent or intentional disregard of the Bankruptcy Code or any "fraudulent, unfair, or deceptive act," disgorgement of excessive fees, and injunctive relief. *See* 11 U.S.C. §110(h)(3), (i), (j), and (l). Specifically, section (j) provides that:

> (j)(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.
>
> (2)(A) In an action under paragraph (1), if the court finds that—
>
>     (i) a bankruptcy petition preparer has—
>
>         (I) engaged in conduct in violation of this section or of any provision of this title;
>
>         (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
>
>         (III) engaged in any other fraudulent, unfair, or deceptive conduct; and
>
>     (ii) injunctive relief is appropriate to prevent the recurrence of such conduct,

9

> the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

Moreover, 11 U.S.C. §110(j)(3) provides that "[t]he court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section."

In the case *sub judice*, the Appellants, based on their own testimony at trial, committed numerous violations of both Section 110 and of the Bankruptcy Court's December 29, 2009 order. Such violations included placing impermissible advertisements in local publications, providing prohibited services to prospective debtors, charging and failing to return excessive fees, and making fraudulent disclosures of their compensation. This fact in and of itself is enough to affirm the Bankruptcy Court's issuance of an injunction under an abuse of discretion standard.

The Court finds the Appellants' arguments on appeal lack merit. First, the Appellants argue that the Bankruptcy Court's December 29, 2009 order was erroneous. To the contrary, the order was affirmed by this Court on appeal. Thus, the issue presently before the Court is not whether or not the Bankruptcy Court's order was valid, but whether or not the Appellants complied with it. *See* **Maggio v. Zeitz**, 333 U.S. 56, 69 (1948) ("[i]t would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy."); *see also* **United States v. Butler**, 211 F.3d 826, 831 (4th Cir. 2000) (affirming a district court barring a defendant from contesting a discovery order during a subsequent contempt hearing).

Second, the Appellants assert they believed the Bankruptcy Court's order would be stayed during the pendency of their appeal and they did not receive notice that the appeal had been decided. However, the Appellants, by their own admission, never moved to stay enforcement of the Bankruptcy Court's order. Even *pro se* parties must comply with procedural rules. *See, e.g.,* **In re Laredo**, 334 B.R. 401, 408 (Bankr. N.D. Ill. 2005) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure . . . ."); **FDIC v. Anchor Properties**, 13 F.3d 27, 31 (1st Cir. 1994) ("[w]e have consistently held that a litigant's '*pro se* status does not absolve him from compliance with [procedural rules]'" (citing **United States v. Heller**, 957 F.2d 26, 31 (1st Cir. 1992)); **In re Wright**, 223 B.R. 886, 893 (Bankr. E.D. Pa. 1998) ("'[a]lthough the pleadings of *pro se* litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure'" (quoting **Powers v. Runyon**, 974 F.Supp. 693, 696 (S.D. Ind. 1997)).

Moreover, as the Bankruptcy Court found:

> To the extent that Kuhns and Fuller assert that they were unduly prejudiced by their failure to receive the District Court's May 18, 2010 [Order] affirming this court's memorandum opinion regarding the reasonableness of fees charged by them in time to take an appeal to the United States Court of Appeals for the Fourth Circuit, their argument fails for two reasons: (1) the address on record with the District Court was the 106 E. South Maple Avenue address where Ms. Kuhns accepted service of the District Court's May 14, 2010 order to show cause,[1] and it is a party's responsibility to correct a wrong address on record with the court, *see* **USAA Federal Savings Bank v. Otto**, 409 B.R. 912, 916 (Bankr. D. Minn. 2009); and (2) although Kuhns and Fuller may not have received notice of

---

[1] From the Court's review of the Record, the show cause order referred to by the Bankruptcy Court was actually entered by this Court on April 29, 2010. It was mailed to 106 E. South Maple Avenue, which was the address of record, and Ms. Kuhns accepted service on May 3, 2010.

the District Court's ruling until December 2010, any right to appeal that they may have possessed could still have been pursued at that time. FED. R. APP. P. 4(a)(5)(A)(ii) and/or (6).[2]

Bankr. Mem. Op. at 4, n. 4 (March 5, 2012).

Third, the Appellants maintain their attorney advised them the Bankruptcy Court was not authorized to limit the amount they could charge for their services. However, as the Bankruptcy Court found, there is no competent evidence in the record to establish that the Appellants' attorney advised them not to return the excessive fees as ordered. The Appellants' attorney did not testify, the Appellants offered no corroborating documentary evidence, and the Bankruptcy Court properly excluded, as inadmissible hearsay, the Appellants' testimony about what their attorney allegedly told them. Moreover, even assuming that the Appellants were so advised by their attorney, "[a] lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow." **Cannon-Stokes v. Potter**, 453 F.3d 446, 449 (7th Cir. 2006). This is especially true where, as here, the Appellants failed to comply with the express terms of a court order.

Based upon the foregoing, the Court **FINDS** that the Bankruptcy Court did not abuse its discretion when it issued its March 5, 2012 decision. Therefore, the Appellants' appeal **[Doc. 5]** is accordingly **DENIED**, and the Bankruptcy Court is hereby **AFFIRMED**. The Appellants are permanently enjoined from acting as bankruptcy petition preparers in this

---

[2] FED. R. APP. P. 4(a)(5)(A)(ii) provides that: "[t]he district court may extend the time to file a notice of appeal if . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." FED. R. APP. P. 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

district.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or pro se parties.

**DATED:** October 1, 2012

GINA M. GROH
UNITED STATES DISTRICT JUDGE